# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 19-1537V
UNPUBLISHED

| | |
|---|---|
| ROBERT PRUDE,<br><br>　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　　Respondent. | Chief Special Master Corcoran<br><br>Filed: October 8, 2021<br><br>Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Influenza (Flu) Vaccine; Shoulder<br>Injury Related to Vaccine<br>Administration (SIRVA) |

*David John Carney*, Green & Schafle LLC, Philadelphia, PA, *for Petitioner*.

*Dhairya Divyakant Jani*, U.S. Department of Justice, Washington, DC, *for Respondent*.

## DECISION AWARDING DAMAGES[1]

On October 3, 2019, Robert Prude filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered a shoulder injury related to vaccine administration ("SIRVA") caused by an influenza vaccine administered on October 17, 2017. Petition at -21. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On July 29, 2021, a ruling on entitlement was issued, finding Petitioner entitled to compensation for a SIRVA. On October 8, 2021, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $57,500.00 for pain and suffering. Proffer at 1. In the Proffer, Respondent represented that Petitioner agrees with

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

the proffered award. *Id.* at 2. Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $57,500.00 in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

|  |  |
|---|---|
| **ROBERT PRUDE**, | \* |
| Petitioner, | \* |
| v. | \*   No. 19-1537V (ECF) |
|  | \*   CHIEF SPECIAL MASTER |
|  | \*   BRIAN H. CORCORAN |
| **SECRETARY OF HEALTH AND HUMAN SERVICES**, | \* |
| Respondent. | \* |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On October 3, 2019, Robert Prude ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), alleging that he suffered a left shoulder injury related to vaccine administration ("SIRVA"), as defined in the Vaccine Injury Table, following administration of an influenza vaccine on October 17, 2017.  Petition at 1-2.  On March 3, 2021, the Chief Special Master issued an order for petitioner to file a motion for a ruling on the record on the issue of entitlement to compensation.  *See* ECF No. 26.  Petitioner filed his motion for a ruling on the record recommending compensation on March 24, 2021.  *See* ECF No. 27.  On April 22, 2021, the Secretary of Health and Human Services ("respondent") filed a combined response to petitioner's motion for ruling on the record and Rule 4(c) Report opposing entitlement.  *See* ECF No. 30.  On July 29, 2021, the Chief Special Master issued a ruling on entitlement finding petitioner entitled to compensation.  ECF No. 36.

I.  **Items of Compensation**

Respondent now proffers that, based on the Chief Special Master's ruling on entitlement and the evidence of record, petitioner should be awarded $57,500.00 in pain and suffering.  *See* 42 U.S.C. § 300aa-15(a)(4).  Petitioner agrees.

This amount represents all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a).  Petitioner agrees.

II.  **Form of the Award**

Petitioner is a competent adult.  Evidence of guardianship is not required in this case. Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment as described below and requests that the Chief Special Master's decision and the Court's judgment award the following[1]: a lump sum payment of $57,500.00, in the form of a check payable to petitioner.

III.  **Summary of Recommended Payments Following Judgment**

Lump sum payable to petitioner, Robert Prude:                               **$57,500.00**[2]

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future lost earnings and future pain and suffering.

[2] The parties have no objection to the amount of the proffered award of damages.  Assuming the Chief Special Master issues a damages decision in conformity with this proffer, the parties waive their right to seek review of such damages decision.  However, respondent reserves his right, pursuant to 42 U.S.C. § 300aa-12(e), to seek review of the Chief Special Master's July 29, 2021, ruling on entitlement.

                                                                    HEATHER L. PEARLMAN  
                                                                     Deputy Director  
        Torts Branch, Civil Division

        TRACI R. PATTON  
        Assistant Director  
        Torts Branch, Civil Division

        ***/s/ DHAIRYA D. JANI***  
        DHAIRYA D. JANI  
        Trial Attorney  
        U.S. Department of Justice  
        Torts Branch, Civil Division  
        P.O. Box 146  
        Benjamin Franklin Station  
        Washington, D.C. 20044-0146  
        Tel:  (202) 616-4356  
        Email:  Dhairya.Jani@usdoj.gov

Dated:  <u>October 8, 2021</u>